989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delroy PASCUAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3745.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 Delroy Pascual, proceeding with benefit of counsel, appeals from the order of the district court denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The parties have waived oral argument pursuant to Rule 9(c), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pascual was tried to a jury and convicted of multiple drug-related offenses. In a motion to vacate judgment, Pascual alleged that his trial counsel was ineffective due to a conflict of interest. Pascual alleged that the Assistant United States Attorney's failure to inform the trial court of defense counsel's alleged conflict of interest denied Pascual his rights under the fundamental fairness doctrine of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The district court concluded that Pascual's fundamental fairness claim was without merit. More specifically, the district court concluded that neither Pascual's trial counsel nor the Assistant United States Attorney had a reasonable basis for concluding that trial counsel was representing an interest adverse to Pascual. Without a reasonable basis for determining that an adverse interest existed, the Assistant United States Attorney could not possibly breach a duty to notify the court, even assuming that this duty exists.
 
 
 4
 Upon review, we find no error. Pascual cannot point to specific instances in the record to suggest an actual conflict or impairment of interests. See United States v. Mers, 701 F.2d 1321, 1328 (11th Cir.), cert. denied, 464 U.S. 991 (1983). Accordingly, the order of the district court is hereby affirmed for the reasons set forth in the court's memorandum and order filed June 29, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation